UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WINSTON DAVIS

                    Plaintiff,                          **MEMORANDUM AND ORDER**
                                                        11-CV-3628 (RRM)(LB)
          - against -


DR. P. GOLDSTEIN, DR. M. BORECKY, MR.
K. PAGE, THE MEDICAL ADMINISTRATOR,
THE WARDEN OF MDC, MDC BROOKLYN,
UNITED STATES FEDERAL BUREAU OF
PRISONS, HENRY J. SADOWSKI

                    Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

          Plaintiff Winston Davis, proceeding *pro se*, brings this action against Dr. P. Goldstein,

Dr. M. Borecky, Mr. K. Page, the Medical Administrator, the Warden of MDC, MDC Brooklyn,

the United States Federal Bureau of Prisons, and Henry J. Sadowski, (collectively, the

"defendants"), asserting a negligence claim arising out of the defendants' transferring Davis

from the Metropolitan Detention Center in Brooklyn, New York to the Federal Medical Center in

Butner, North Carolina. The defendants moved to dismiss Davis's complaint for lack of subject

matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. No. 33.) Davis filed his opposition to

the motion. (Doc. No. 34.) The defendants filed their reply. (Doc. No. 36.) Davis submitted a

surreply. (Doc. No. 40.) On the basis of these submissions, and for the following reasons, the

defendants' motion to dismiss is GRANTED. To the extent Davis's opposition to the motion

requests leave to amend his complaint, that request is DENIED.

# BACKGROUND[1]

In 2008, Davis was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Second Am. Compl. (Doc. No. 12) ¶ IV.) Davis was undergoing medical treatment for prostate cancer. (*Id*. ¶ I.C.) On January 16, 2008, the warden of the MDC, the medical administrator, various doctors, and medical staff – here, the defendants – collectively transferred Davis from the MDC to the Federal Medical Center in Butner, North Carolina ("Butner"). Davis claims that the defendants were negligent in allowing and effectuating his transfer. Specifically, Davis alleges that Dr. Goldstein, one of his treating physicians, knew he would be transferred to FMC Butner but did not object despite the fact that the move would "serious[ly] jeopardize" Davis's health. (*Id*. ¶ I.C.) Davis also alleges that Dr. Borecky, the Medical Director at the MDC, knew that Butner "was not equipped to follow up on my treatment without complication." (*Id*. ¶ I.E.) Davis also alleges Mr. Page, the unit manager at the MDC, "was negligent in ignoring my concerns" expressed in a written complaint. (*Id*. ¶ I.F.) Finally, Davis alleges that the Federal Bureau of Prisons ("BOP"), the MDC, the warden of the MDC, and the medical administrator of the MDC were "negligent in allowing my transfer to Butner after committing me to hormone and radiation therapies. BOP[']s Butner facility had no prior knowledge of treating cancer patients with hormone therapy." (*Id*. ¶ I.G; *see also id*. ¶¶ I.H, I.J, I.K.)

---

[1] The following background is derived from Davis's second amended complaint and the declarations of Nicole McFarland, a senior staff attorney at the Brooklyn Metropolitan Detention Center, and the exhibits attached thereto. The Court's consideration of materials outside of the complaint does not turn the defendants' motion into one for summary judgment. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Ireland v. Suffolk County of New York*, 242 F. Supp. 2d 178, 185 (E.D.N.Y. 2003) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), 'evidentiary matter may be presented by affidavit or otherwise.'") (quoting *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

Davis filed an administrative tort claim on July 3, 2008, claiming negligence arising out of his transfer. (Ex. A to Am. Compl.) On August 7, 2008, Henry Sadowski, the Regional Counsel of the Bureau of Prisons, responded to Davis's claim and stated that the Bureau had six months to review, consider, and adjudicate his claim. (Ex. B. to Am. Compl.) On January 7, 2009, Sadowski wrote to Davis, advising that, "Investigation reveals that while at MDC Brooklyn, you received the car necessary for your condition and then were property transferred to FMC Butner for continued care and treatment." (Ex. A to McFarland Decl. (Doc. 31).) Sadowski continued, "If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." (*Id*.)

On June 19, 2010, Davis wrote to Sadowski inquiring about the status of his claim. He wrote, "It's been over six months since I received your letter of acknowledgement of my claim but have not heard from your office." (Ex. C to Am. Compl.) Davis requested that Sadowski conclude his review of the claim and asked Sadowski to "notify me of the result expeditiously." (*Id*.) Davis did not file an administrative tort claim arising out of Sadowski's alleged, or potential, negligence in failing to resolve Davis's underlying claim. (McFarland Decl. ¶ 4.)

On July 15, 2011, Davis filed this action. In addition to setting forth the various allegations of negligence arising out of his transfer, Davis also alleges that Sadowski was "negligent in failing to resolve my tort claim filed with the BOP as per their procedure[,] [d]espite [my] follow up letter inquiring about [the] status of my claim." (Am. Compl. ¶ I.I.)

**DISCUSSION**

A.  <u>Standard of Review</u>

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted).  Therefore, the Court construes Davis's complaint with "special solicitude" and interprets it to raise the strongest arguments it suggests.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)).

A case must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113.  The Court assumes as true the factual allegations contained in Davis's second amended complaint, but will not draw jurisdictional inferences in favor of the plaintiff.  *Fraser v. United States*, 490 F. Supp. 2d 302, 307 (E.D.N.Y. 2007) (citations omitted).  "The plaintiff bears the burden of proving by a preponderance of the evidence that the court retains jurisdiction." *Id.*  (citation omitted).  Where, as here, the plaintiff's claim implicates the Federal Tort Claims Act ("FTCA"), she must "prove the statutory requirements under the FTCA by a preponderance of the evidence." *Id*. (citation omitted).  "'Because the FTCA creates a waiver of sovereign immunity, it is strictly construed and all ambiguities are resolved in favor of the United States.'" *Fraser*, 490 F. Supp. 2d at 309 (citing *Moreno v. United States,* 965 F. Supp. 521, 524 (S.D.N.Y. 1997)).

B.  <u>FTCA</u>

Davis sues a host of federal agencies and federal employees in their official capacities. Sovereign immunity protects the United States, its agencies, and employees sued in their official

4

capacities from suit. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death "'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d. Cir. 2006) (quoting 28 U.S.C. § 1346(b)(1)).

### 1. The Proper Defendants

The FTCA prohibits a government agency and government employees from being sued in their own names. *See* 28 U.S.C. § 2679(a)-(b). Therefore, any tort claim against the BOP and the MDC, agencies of the federal government, can only be maintained against the United States. *See Hylton v. Federal Bureau of Prisons*, No. 00-CV-5747, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002). Similarly, upon a certification from the United States Attorney General that, at all relevant times, the individuals named in the suit were acting within the scope of their employment, any tort claim against individuals employed by these agencies in their official capacities can only be maintained against the United States. *See Sereika v. Patel*, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006). Such certification was provided here as to all of the individual defendants. (Doc. No. 32.) As such, the complaint must be dismissed as to the named agencies and individuals, and the United States is substituted as a party defendant in their place. *See id.*; *Hylton*, 2002 WL 720605 at *2.

### 2. Jurisdictional Limitations

Given that the FTCA provides a limited waiver of sovereign immunity, "waivers of sovereign immunity and their conditions must be strictly applied against the claimant." *Fisko v.*

*U.S. Gen. Services Admin.*, 395 F. Supp. 2d 57, 61-62 (S.D.N.Y. 2005) (citations omitted). "Accordingly, if the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over the plaintiff's claims." *Id*. (citations omitted).

One such limitation is applicable here. The FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Davis does not satisfy this requirement. While Davis presented his claim to the appropriate agency within two years of the date of accrual, the claim was denied, and notice of this action was sent to Davis via certified mail on January 7, 2009. Based on this chronology, the instant action was initiated well beyond the six-month limit for filing. (Ex. A. to McFarland Decl.) Davis has provided no evidence to rebut the content or receipt of the January 7, 2009 denial letter. On its face, the letter clearly denied Davis's claim, advised him of the need to file within six months, and states that it was sent via certified mail. Nor does Davis allege that he did not receive the letter at or near the time it was sent.

Moreover, to the extent Davis claims that Sadowski was negligent in deciding his administrative tort claim, such claim is also barred because Davis never presented that negligence claim to the agency in the first instance, thus failing to meet the first requirement of § 2401(b).

In his opposition to the defendants' motion, Davis argues that the doctrine of continuous treatment should toll the time limitations outlined above. (*See* Pl.'s Opp'n to Mot. ¶ 12.) As an

initial matter, the Second Circuit has declined to decide whether equitable tolling of the statute of limitations in § 2401(b) is available. *See A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (noting that "it is not clear that equitable tolling is even available in . . . . actions brought pursuant to the FTCA," and highlighting that such question is the subject of a circuit split, which the Second Circuit has not yet addressed). Even if equitable tolling were available, Davis has not shown he is entitled to it. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*. (citation and internal quotation marks omitted). "Equitable tolling is considered a drastic remedy applicable only in "rare and exceptional circumstance[s]." *Id*. (internal quotation marks, citation, and alteration omitted).

Here, Davis knew that the BOP had six months to decide his administrative tort claim, but waited until January 19, 2010 to inquire about his claim, nearly one and a half years after Sadowski sent his letter informing Davis that his claim would be decided within six months. Additionally, Davis waited until July 15, 2011, another year and a half after his January 2010 letter, to file this suit. These facts fall far short of demonstrating that Davis "has been pursuing his rights diligently." *Id*. As such, Davis is not entitled to equitable tolling of the § 2401(b) time limits.

Accordingly, Davis's claims against the defendants are DISMISSED.

C. Request to Amend the Complaint

In his opposition to the defendants' motion, Davis contends that the defendants' conduct also violated his constitutional rights against cruel and unusual punishment under the Eighth Amendment and to due process under the Fifth Amendment, as well as his rights under the Ninth, Thirteenth, and Fourteenth Amendments. (*See* Pl.'s Opp'n ¶¶ 2-3.) The Court construes

these contentions as a request for leave to amend his complaint to add these constitutional claims. *See Hamilton v. Wilson*, No. 03-CV-5685, 2004 WL 169789, at *4 (S.D.N.Y. Jan. 28, 2004) (treating pro se plaintiff's opposition papers as a request for leave to amend).

Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to grant leave to amend "freely . . . when justice so requires." A court may deny leave to amend where such amendment would be futile. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Amendment is futile where the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *E.E.O.C. v. Thomas Dodge Corp. of N.Y.*, 524 F. Supp. 2d 227, 234 (E.D.N.Y. 2007). Thus, in analyzing a proposed amendment, the Court applies the same standard it would under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Defendants argue that Davis's proposed constitutional claims must be dismissed because they are time-barred. The Court agrees. Davis's constitutional claims are subject to the requirements of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 267 (E.D.N.Y. 2005) (applying *Bivens* to constitutional claims asserted against individual federal employees in their official capacities). "The statute of limitations for *Bivens* claims is borrowed from the statute of limitations for personal injury actions under the law of New York, the state in which this federal court sits." *Latimore-El v. Doe*, No. 12-CV-621, 2012 WL 2131539, at *2 (E.D.N.Y. June 12, 2012) (citations omitted). Federal courts sitting in New York apply a three-year statute of limitations period to *Bivens* claims. *Id.* (citation omitted). Davis's claim accrued on January 16, 2008, the date he was transferred. He filed suit on July 15, 2011, nearly six months beyond the three-year limitations period.[2] As such, Davis's proposed constitutional claims are time-barred.

Even if the claims were not time-barred, Davis has not adequately pled that the individual defendants committed these constitutional violations *intentionally* and outside the scope of their employment, as is required to state a claim under *Bivens*. *See Latimore-El*, 2012 WL 2131539, at *2 ("*Bivens* claims can only be stated for constitutional violations by employees or agents of the United States acting *outside* the scope of their employment. The complaint is devoid of any allegations suggesting that any wrongful act or omission of any BOP agent or employee occurred

---

[2] Davis's limitations period is not tolled under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), as he never sought to exhaust his administrative remedies on his constitutional claims specifically. *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011) (equitably tolling the statute of limitations under *Bivens* for the period that a prisoner is exhausting his administrative remedies).

outside the scope of their employment or crossed the constitutional threshold."); *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (noting that *Bivens* provides a remedy only for intentional violations).  Indeed, Davis alleges throughout that the defendants' conduct was negligent, not intentional.

Because Davis cannot state a claim against the individual defendants for constitutional violations, Davis's request for leave to amend his complaint is DENIED.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.  Davis's action is DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly, mail a copy of this order and the accompanying judgment to the Plaintiff, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     June 24, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge